**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **NEW COTAI HOLDINGS, LLC,** *et al.*, | Case No. 19-22911 (RDD) |
| Debtors.[1] | (Jointly Administered) |

<u>**SCHEDULE OF ASSETS AND LIABILITIES FOR**
**NEW COTAI VENTURES, LLC**
**CASE NO. 19-22910(RDD)**</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC,** *et al.*, | **Case No. 19-22911 (RDD)** |
| Debtors.[3] | **(Jointly Administered)** |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMERS REGARDING THE**
**DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

New Cotai Holdings, LLC, and certain of its affiliates as debtors and debtors in possession (collectively, the "**Debtors**," the "**Company**," or "**New Cotai**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and collectively, the "**Statements**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other personnel. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial

---

[3]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

John Brecker has signed the Schedules and Statements. Mr. Brecker is an independent fiduciary and an authorized signatory for the Debtors. In reviewing and signing the Schedules and Statements, Mr. Brecker necessarily has relied upon the efforts, statements and representations of the Debtors' advisors and other personnel available to assist the Debtors. Mr. Brecker has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.    **Description of the Cases**. On May 1, 2019, (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 10, 2019, the Bankruptcy Court entered an order authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 23]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

2.    **Basis of Presentation.** For financial reporting purposes, the Debtors generally prepare consolidated financial statements for New Cotai, LLC and New Cotai Capital Corp. Otherwise, the Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. However, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3.    **Reporting Date**. Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on the Petition Date. The liability values are as of the Petition Date.

4.    **Reimbursement of Non-Debtor Payors**. As described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III) Authorizing Continuance of Intercompany Transactions and Honoring Certain Related Prepetition Obligations* [Docket No. 8] (the "**Cash Management Motion**"), depending on the timing of the Debtors' payment obligations, certain of the Debtors' non-Debtor affiliates (the "**Non-Debtor Payors**") may directly pay the Debtors' counterparties.  The Debtors

5

thereafter reimburse such paying affiliates utilizing funds from bank accounts maintained by the Debtors.  Unless otherwise noted, the Debtors have reported reimbursement payments made to the Non-Debtor Payors, but have not separately reported the payments made by the Non-Debtor Payors to the various vendors that provided services to the Debtors.

5.      **The Initial Public Offering of Studio City International Holdings Limited**. On October 22, 2018, Studio City International Holding Limited ("**Studio City International**") completed its initial public offering (the "**IPO**"). Prior to the IPO, New Cotai, LLC held a 40% equity interest in Studio City International. Following the completion of the IPO, New Cotai, LLC owned (i) a 23.07% voting, non-economic interest in Studio City International and (ii) a non-voting, non-shareholding economic participation interest (the "**Participation Interest**") equal to 29.9861% in MSC Cotai Limited, a company incorporated as a business company limited by shares in the British Virgin Islands ("**MSC Cotai**"), which represents the equivalent of a 23.07% economic interest in Studio City International.  Any certificates evidencing New Cotai, LLC's pre-IPO interests in Studio City International are no longer held following completion of the IPO.

6.      **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

7.      **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

8.      **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items from the Schedules and Statements: certain accrued liabilities, including, without limitation, certain prepaid and other current assets considered to have *de minimis* or no market value. Other immaterial assets and liabilities may also have been excluded.

9.      **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

10.    **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

11.    **Payment of Prepetition Claims Pursuant to First Day Orders**. Pursuant to certain of the Debtors' motions filed on the first day of the Debtors' Chapter 11 Cases (the "**First Day Motions**"), the Debtors have sought authority to pay certain outstanding prepetition payables relating to the Debtors' taxes and insurance policies. The Bankruptcy Court entered orders authorizing the Debtors to pay such outstanding prepetition payables to the extent that any exist (collectively, the "**First Day Orders**"). The Bankruptcy Court, however, has not yet granted all of the relief sought by the First Day Motions. Additional hearings are scheduled before the Bankruptcy Court to consider the further relief sought under the First Day Motions. As such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables or by any anticipated court-approved postpetition payments authorized on behalf of prepetition payables. Where and to the extent these liabilities have been satisfied or are anticipated to be satisfied, they are not listed in the Schedules and Statements unless otherwise noted. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Further, to the extent the Debtors do not obtain the relief pursuant to the First Day Motions that they anticipate, the Debtors will amend these Schedules and Statements. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

12.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

13.    **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, the following:

   a.    Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims,

7

assets, executory contracts, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.   The listing of a claim (i) on Schedule E/F (Part 2) as "unsecured," or (ii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise.

d.   The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

e.   Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts and agreements identified in the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.   The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

g.   The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

    h. Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

    i. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

14. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to the Debtors' Schedules**

1. **Schedule A/B**

    a. **A/B.3**. As set forth more fully in the Cash Management Motion, the Debtors manage cash receipts and disbursements required to pay expenses incurred by the Debtors utilizing seven bank accounts maintained by three of the four Debtors. The values provided for in Schedule A/B, Item 3 for each account for a given Debtor reflects the ending cash balance of such account as of the close of business on the Petition Date.

    b. **A/B.15**. New Cotai, LLC's equity interest in New Cotai Capital Corp. arises from its ownership of 100% of the interests in New Cotai Capital Corp. New Cotai, LLC's equity interest in Studio City International Holdings Limited arises from its ownership of 100% of Class B Ordinary Shares which represent a 23.07% voting, non-economic interest in Studio City International Holdings Limited. New Cotai, LLC's equity interest in MSC Cotai Limited arises from a non-voting, non-shareholding economic participation interest equal to 29.9861% in MSC Cotai Limited which represents the equivalent of a 23.07% economic interest in Studio City International Holdings Limited.

9

New Cotai Holdings, LLC's equity interest in New Cotai, LLC arises from its ownership of 100% of the interests in New Cotai, LLC.

New Cotai Ventures, LLC's equity interest in New Cotai Holdings, LLC arises from its ownership of 92.6% of Common Units and 98.8% of Class Preferred A Units. New Cotai Ventures, LLC's equity interest in New Cotai Participation Corp. arises from its ownership of 100% of Class A units.

For purposes of these Schedules, the values of the Debtors' interests have been determined in accordance with U.S. GAAP and do not necessarily represent the amounts that may ultimately be realized on account of such interests.

c. **A/B.70–77**. Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' books and records as of the Petition Date. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, credits, rebates, or refunds with their vendors and suppliers or potential warranty claims against their suppliers. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way. Where a Debtor holds a positive net intercompany balance, such amount has been listed on Item 77, Schedule A/B for such Debtor. Similarly, where a Debtor holds a negative net intercompany balance, such amount has been listed on Schedule E/F, Part 2 for such Debtor.

2. **Schedule E/F**

a. **(Part 2)**. The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. However, the reader should review Schedule E/F for all Debtors in these Chapter 11 Cases for a complete understanding of the unsecured debts of the Debtors. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under 11 U.S.C. § 503(b)(9).

10

With respect to those unsecured 10.625% Senior Pay-In-Kind Notes due 2019 (the "**Notes**") issued under that certain indenture, dated as of April 19, 2013 (the "**Indenture**"), the Debtors have listed only the indenture trustee as the named creditor on Schedule F. Nonetheless, those notes are beneficially owned by a number of other parties. Further, the claim size relating to Notes set forth on Schedule E/F (Part 2) reflects the fully-accreted face value of the Notes, which differs from the amounts relating to the Notes that are routinely reflected in the Debtors' books and records, which are recorded at market value.

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F including, but not limited to, consultants and other service providers. The Debtors have also included trade creditors on Schedule E/F, some of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors believe that there may be instances where creditors have yet to provide proper invoices for prepetition goods or services. Moreover, Schedule E/F does not include certain estimated accruals. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Additionally, the Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain unsecured claims, pursuant to the First Day Orders. The Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts that have been, or may be, rejected.

3.   **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. In addition, as described herein, certain non-disclosure agreements and/or other confidential information have been omitted.  Further, Schedule G includes certain Agreements under that the Debtors are not party to, but under which the Debtors have payment obligations.

Omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G. Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements may not have been specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement and, where a contract party remained uncertain, such Agreement may have been listed on a different Debtor's Schedule G.

4.      **Schedule H**. New Cotai, LLC and New Cotai Capital Corp., as issuers, and New Cotai Holdings, LLC, as guarantor, are parties to the Indenture, as set forth in Schedule H. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. To the extent there are guarantees connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes with Respect to the Debtors' Statements**

1.      **Statement 2.** For each of the three Debtors with bank accounts, the Debtors' bank account interest income is estimated based on interest accrued from (i) January 1, 2017 through December 31, 2017, (ii) January 1, 2018 through December 31, 2018, and (iii) January 1, 2019 through the Petition Date.

2.      **Statement 3**. As described in the Cash Management Motion, depending on the timing of the Debtors' payment obligations, the Non-Debtor Payors may directly pay the Debtors' counterparties.  The Debtors thereafter reimburse such paying affiliates utilizing funds from bank accounts maintained by the Debtors.

The payments disclosed in Statement 3 are solely comprised of the payments made by the Debtors directly to creditors.  The reimbursement payments paid by the Debtors to the Non-Debtor Payors are set forth in Statement 4, described below.

Further, certain of the Debtors and certain non-Debtor affiliates pay their obligations by and through other Debtors.  Specifically, the obligations of New Cotai Capital Corp. are paid by New Cotai, LLC, and the obligations of non-Debtor New Cotai Participation Corp. are paid by New Cotai Holdings, LLC.

The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from January 31, 2019 to May 1, 2019. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements.

The responses to Statement 3 exclude certain disbursements or transfers to creditors otherwise listed in Statement 11.

3.    **Statement 4**. The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code. For more information regarding each Debtor's officers and directors, see Statement 28.

On or around October 31, 2018, an entity known as New Cotai Investments, LLC ("**NCI**") effectuated a merger to become Debtor New Cotai Ventures, LLC and ceased to exist.  Any payments to insiders made by NCI prior to the merger are not included in Statement 4.

4.    **Statement 11**. The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, which are identified in Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

As described in the notes to Statement 3 above, the Non-Debtor Payors have directly paid certain of the Debtors' counterparties, including those providing consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy.  Though the Debtors reimbursed the Non-Debtor Payors for such payments, those transfers are set forth in Statement 4, and are not included in Statement 11.

Additionally, Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") provided prepetition services to the Debtors in certain capacities wholly unrelated to these Chapter

13

11 Cases. Out of an abundance of caution, Statement 11 includes all amounts paid directly by the Debtors to Skadden within 1 year before the Petition Date, irrespective of the nature of services that Skadden provided.

5.      **Statement 25**. The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned five percent or more of the voting or equity securities within the six years immediately preceding the Petition Date. New Cotai, LLC owns a voting interest in Studio City International and, on a converted basis of the Participation Interest in MSC Cotai, an economic interest in Studio City International.

6.      **Statement 26(d)**. New Cotai, LLC, as consolidated with New Cotai Capital Corp., provided financial statements in the ordinary course of business to holders of Notes through a website hosted by Intralinks.  Financial statements may have also been provided to other parties as requested.

7.      **Statement 30**. Any and all known disbursements to insiders of the Debtors have been listed in the response to Statement 4. The items listed under Statement 30 incorporate by reference any items listed under Statement 4, and vice versa.

**Fill in this information to identify the case:**

Debtor name   **New Cotai Ventures, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **19-22910**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals    12/15

Part 1:   **Summary of Assets**

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

　1a. **Real property:**
　　Copy line 88 from *Schedule A/B*................................................................   $ 0.00

　1b. **Total personal property:**
　　Copy line 91A from *Schedule A/B*..............................................................   $ 837,596.55

　1c. **Total of all property:**
　　Copy line 92 from *Schedule A/B*................................................................   $ 837,596.55

Part 2:   **Summary of Liabilities**

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
　　Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...............   $ 0.00

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

　3a. **Total claim amounts of priority unsecured claims:**
　　Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................   $ 0.00

　3b. **Total amount of claims of nonpriority amount of unsecured claims:**
　　Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............   +$ 1,738.84

4.   **Total liabilities** .......................................................................
　Lines 2 + 3a + 3b   $ 1,738.84

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **New Cotai Ventures, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | **19-22910** |

☐ Check if this is an amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**     **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank of America, N.A.** | **Checking** | 3625 | $456,353.68 |
| 3.2. | **Bank of America, N.A.** | **Checking** | 8562 | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | $456,353.68 |
   |---|

**Part 2:**     **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:**     **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

   ■ No. Go to Part 4.
   ☐ Yes Fill in the information below.

**Part 4:**     **Investments**

| Debtor | **New Cotai Ventures, LLC** | Case number *(If known)* **19-22910** |
|--------|-----------------------------|-------------------------------------|
| | Name | |

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:     % of ownership | | |

| 15.1. | **New Cotai Holdings, LLC - Common Units** | 92.6 | | |
|-------|---------------------------------------------|------|---|---|
| | **New Cotai Holdings, LLC - Class Preferred A Units** | 98.8 % | **U.S. GAAP** | $381,242.87 |

| 15.2. | **New Cotai Participation Corp - Class A Units** | **100** % | **U.S. GAAP** | $0.00 |
|-------|--------------------------------------------------|-----------|---------------|-------|

| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | |
|-----|---|---|

| 17. | **Total of Part 4.** | $381,242.87 |
|-----|----------------------|-------------|
| | Add lines 14 through 16.  Copy the total to line 83. | |

**Part 5:        Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:        Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:        Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:        Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:        Real property**

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

Debtor      **New Cotai Ventures, LLC**                                    Case number *(If known)*  **19-22910**
_____
                        Name

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ■ No.  Go to Part 11.
- ☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ■ No.  Go to Part 12.
- ☐ Yes Fill in the information below.

Debtor   **New Cotai Ventures, LLC**                                      Case number *(If known)* **19-22910**
         <small>Name</small>

---

**Part 12:**   **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $456,353.68 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $381,242.87 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......................................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $837,596.55 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $837,596.55 |

---

**Fill in this information to identify the case:**

Debtor name  **New Cotai Ventures, LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  **19-22910**

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
|---|

Debtor name   **New Cotai Ventures, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **19-22910**

☐ Check if this is an
    amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

|  |  |  | Amount of claim |
|---|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,738.84** |
|  | **See Attached** | ☐ Contingent | |
|  | **Schedule EF Part 2** | ☐ Unliquidated | |
|  | Date(s) debt was incurred _ | ☐ Disputed | |
|  | Last 4 digits of account number _ | Basis for the claim: _ | |
|  |  | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
   assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | **0.00** |
| 5b. Total claims from Part 2 | 5b. + $ | **1,738.84** |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | **1,738.84** |

In re New Cotai Ventures, LLC
Case No. 19-22910 (RDD)
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name and Address | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| PricewaterhouseCoopers LLP<br>P.O. Box 7247-8001<br>Philadelpha PA 19170-8001 | | Various dates, services rendered - tax | | X | | | |
| SS&C Technologies, Inc.<br>One South Road<br>Harrison NY 10528 | 7199 | Various dates, services rendered | | | | | $1,533.33 |
| Silver Point Capital Services, LLC<br>Two Greenwich Plaza<br>Greenwich CT 06830 | | Various dates, reimbursement for operating expenses | | | | | $205.51 |
| | | | | | | Total: | $1,738.84 |

**Fill in this information to identify the case:**

Debtor name   **New Cotai Ventures, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **19-22910**

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases        12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.   State what the contract or lease is for and the nature of the debtor's interest |  |
| State the term remaining |  |
| List the contract number of any government contract | **See Attached Schedule G** |

In re New Cotai Ventures, LLC
Case No. 19-22910 (RDD)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name, Mailing Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|
| John Brecker<br>C/O New Cotai Ventures LLC<br>2 Greeenwich Plaza<br>First Floor<br>Attn:  John Brecker<br>Greenwich CT 06830 | Independent director | 4/29/2019 | |
| PricewaterhouseCoopers LLP<br>300 Madison Avenue<br>New York NY 10017 | Tax compliance services | 1/14/2019 | 1/13/2022 |
| SS&C Technologies, Inc<br>One South Road<br>Harrison NY 10528 | Accounting and bookkeeping services | 8/31/2017 | |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York NY 10036 | Engagement Agreement - legal services | 4/30/2019 | |

1 of 1

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **New Cotai Ventures, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | **19-22910** |

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | _____ | Street _____ <br> _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 | _____ | Street _____ <br> _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 | _____ | Street _____ <br> _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 | _____ | Street _____ <br> _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **New Cotai Ventures, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | **19-22910** |

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on | **May 29, 2019** |

X /s/ John Brecker
Signature of individual signing on behalf of debtor

**John Brecker**
Printed name

**Independent Director**
Position or relationship to debtor