Presentment Date: January 2, 2020 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: January 2, 2020 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date (Only if Objection Filed): January 29, 2020 at 10:00 a.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **NEW COTAI HOLDINGS, LLC, *et al.*,** | Case No. 19-22911 (RDD) |
| **Debtors.**[1] | Jointly Administered |

**NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER**
**FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO**
**FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

PLEASE TAKE NOTICE that on December 24, 2019 the above-captioned

debtors and debtors-in-possession (collectively, the "**Debtors**") filed the *Motion for an Order*

*Further Extending The Debtors' Exclusive Periods To File A Plan Of Reorganization And Solicit*

*Acceptances Thereof* (the "**Motion**") attached as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to

the relief requested in the Motion, must be made in writing and (a) filed with the Bankruptcy

Court no later than **11:00 a.m. (Prevailing Eastern Time) on January 2, 2020** (the "**Objection**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

**Deadline**") and (b) served so as to be actually received by (i) the Debtors, (ii) counsel to the

Debtors, (iii) special counsel to the Debtors, (iv) the U.S. Trustee, (v) the Debtors top 20

unsecured creditors, (vi) counsel to the ad hoc group of holders of the Debtors' 10.625% senior

pay-in-kind notes due 2019, (vii) counsel to the Debtors' equity holders, and (viii) any party

requesting notice in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that if no objections to the Motion are

timely filed and received by the Objection Deadline in accordance with the above procedures,

the Debtors will present the *Order Further Extending The Debtors' Exclusive Periods To File A*

*Plan Of Reorganization And Solicit Acceptances Thereof* (the "**Proposed Order**") attached to

the Motion as <u>Exhibit A</u> to the Honorable Robert D. Drain, United States Bankruptcy Judge in

the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas

Street, White Plains, New York 10601-4140 for signature on **January 2, 2020 at 12:00 p.m.**

**(Prevailing Eastern Time)**, and the Proposed Order may be entered without further notice or

opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that if an objection is timely filed and

served, a hearing will be held on **January 29, 2020 at 10:00 a.m. (Prevailing Eastern Time).**

PLEASE TAKE FURTHER NOTICE that copies of documents filed in the

chapter 11 cases are available free of charge by visiting https://cases.primeclerk.com/newcotai or

by calling (844) 627-7471 (toll free from the U.S. and Canada); or (347) 292-3990 (international)

or by e-mail at newcotaiinfo@primeclerk.com.  You may also obtain copies of any pleadings by

visiting the Court's website at https://ecf.nysb.uscourts.gov.  Note that a PACER password is

needed to access documents on the Court's website.

Dated:  New York, New York
        December 24, 2019

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                              LLP

                              */s/ Jay M. Goffman*_____
                              Jay M. Goffman
                              Mark A. McDermott
                              Evan A. Hill
                              Four Times Square
                              New York, New York 10036-6522
                              Telephone: (212) 735-3000
                              Fax: (212) 735-2000

                              *Counsel to Debtors and Debtors-in-Possession*

## **EXHIBIT 1**

**Motion**

1837176-NYCSR03A - MSW

**Presentment Date: January 2, 2020 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: January 2, 2020 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date (Only if Objection Filed): January 29, 2020 at 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC, *et al.*,** | **Case No. 19-22911 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION FOR AN ORDER FURTHER EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF**
**REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

In support of this motion (the "**Motion**"), New Cotai Holdings, LLC and its debtor

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") submit the

Declaration of John Brecker filed substantially contemporaneously herewith (the "**Brecker**

**Declaration**") and respectfully represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

## Relief Requested

1.      By this Motion, and pursuant to section 1121(d) of title 11 of the United States

Code (the "**Bankruptcy Code**"), the Debtors respectfully request entry of an order, substantially

in the form attached as **Exhibit A** (the "**Proposed Order**"):

   (a)      extending the Debtors' exclusive period to file a chapter 11 plan of
            reorganization (the "**Exclusive Filing Period**") through January 23, 2020
            and

   (b)      extending the Debtors' exclusive period to solicit acceptances on their plan
            of reorganization (the "**Exclusive Solicitation Period**," and together with
            the Exclusive Filing Period, the "**Exclusive Periods**") through January 23,
            2020

without prejudice to the Debtors' right to seek further extensions. This is the Debtors' second

request for an extension of their Exclusive Periods.

## PRELIMINARY STATEMENT

2.      After seven months of contentious negotiations, the Debtors believe that they are

nearing an agreement in principle with the ad hoc group of holders of 10.625% Senior Pay-in-

Kind Notes due May 2019 (the "**Ad Hoc Group**") with respect to the terms of a comprehensive

settlement that will provide for the quick and efficient resolution of these bankruptcy cases. To

allow these discussions to continue, it is critical that the Debtors maintain their exclusivity rights.

3.      The Debtors therefore respectfully request a 30-day extension of their Exclusive

Periods. Prior to filing this Motion, the Debtors contacted counsel for the Ad Hoc Group, which

consented to the relief requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska,

C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      On September 26, 2019, the Court entered an order (the "**Investigation Order**")

[Docket No. 215] authorizing the Debtors to employ and retain (a) William P. Wall as an

independent fiduciary and (b) DLA Piper LLP (US) ("**DLA Piper**") as special counsel to the

Debtors' two independent fiduciaries, John Brecker and William P. Wall (the "**Independent

Fiduciaries**"). The Investigation Order confers joint standing upon the Independent Fiduciaries

to, among other things, investigate, prosecute, and/or settle potential claims of the Debtors

related to or arising from the Studio City International IPO and prepetition events relating to the

conduct of the Debtors and their controlling shareholders.

6.      The Independent Fiduciaries, with the assistance of DLA Piper, were originally

anticipated to produce a report by December 24, 2019 setting forth the conclusions of their

Investigation into the Potential Claims (as defined in the Investigation Order). In early

December, DLA Piper informed the Debtors and the Ad Hoc Group that the report likely would

not be complete until the end of January 2020.

7.      While the Investigation was ongoing, the principals continued to engage in

settlement discussions, and the parties have made significant headway towards a consensual deal.

In light of this progress, on December 12, 2019, the Debtors and the Ad Hoc Group requested

that the Independent Fiduciaries pause the Investigation pending further settlement discussions.

The Independent Fiduciaries believed that pausing the Investigation would be in the best

interests of the estates because it would allow the parties to focus on negotiating a consensual

deal, which would, among other things, avoid burdensome and unnecessary costs and delays.

Therefore, the Independent Fiduciaries decided in their sound business judgment to instruct DLA Piper to suspend the Investigation pending the results of these settlement discussions.

8.      Since that time, DLA Piper has discontinued the Investigation and is awaiting further instruction from the Independent Fiduciaries. The Debtors are hopeful that with the breathing spell provided by this pause in the Investigation the parties will be able to reach agreement on a comprehensive settlement that will provide for the quick and efficient resolution of these bankruptcy cases in a fully consensual manner.

9.      The Debtors' Exclusive Periods are currently set to expire on December 24, 2019.[2]

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I.      The Court Can Extend the Exclusive Periods for Cause Shown.

10.      A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to Bankruptcy Code section 1121(b). Under Bankruptcy Code section 1121(d), the Court may extend the Exclusive Periods for cause.[3] Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusive Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of

---

[2]    Prior to filing this Motion, the Exclusive Periods were set to expire on December 24, 2019. However, because the Debtors timely filed this Motion, the *Order Extending The Debtors' Exclusive Periods To File A Plan Of Reorganization And Solicit Acceptances Thereof* [Docket No. 216] (the "**Initial Exclusivity Order**") provides for an automatic extension of the Exclusive Periods until the Court decides the Motion. Anticipating no objections to the Motion, the Debtors filed the Motion on presentment and set January 2, 2020 as the presentment date (the "**Presentment Date**"). However, if any objections are filed, the Court will decide the Motion on the next scheduled hearing date, January 29, 2020 (the "**Hearing Date**"). Therefore, pursuant to the Initial Exclusivity Order, the Debtors' Exclusive Periods are automatically extended until either the Presentment Date or the Hearing Date, as applicable, when the Court decides the Motion.

[3]    Specifically, Bankruptcy Code section 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

4

circumstances in each case. *See, e.g., In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

11.    In particular, courts in this district and elsewhere have identified a number of non-exhaustive factors relevant to whether cause exists under Bankruptcy Code section 1121(d). *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Borders Grp., Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011). These factors include the following:

(a)    the size and complexity of the case;

(b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c)    the existence of good-faith progress toward reorganization;

(d)    the fact that the debtor is paying its bills as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)    whether the debtor has made progress in negotiations with its creditors;

(g)    the amount of time which has elapsed in the case;

(h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i)    whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). "[N]ot all of [these factors] are relevant in every case," and "[i]t is within the discretion of the

bankruptcy court to decide which factors are relevant and give the appropriate weight to each."

In re Hoffinger Indus., Inc., 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

12.     In evaluating whether an extension under Bankruptcy Code section 1121(d) is

warranted, courts are given maximum flexibility to review the particular facts and circumstances

of each case. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996)

("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the

cases suggest . . . we hold that debtor has shown cause for the extension"); *In re Pub. Serv. Co.*,

88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent [is] to promote maximum

flexibility"); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual

cases that is unavailable today"), reprinted in 1978 U.S.C.C.A.N. 6963, 6191.

## II.    Cause Exists to Extend the Exclusive Periods.

13.     As set forth below, the Debtors satisfy the *Adelphia* factors in these cases.

Therefore, the Court should approve the Debtors' requested extension of their Exclusive Periods.

- *These Cases are Large and Complex*. These are highly contested, litigious "mega cases," which involve, among other things, over $856 million in prepetition debt, multijurisdictional corporate issues, and the IPO Investigation. *Adelphia* factor (a).

- *Additional Time is Necessary to Negotiate a Plan*. While the principals continue to engage in productive settlement discussions and are hopeful that they will reach a deal in short order, the Debtors still require additional time to negotiate, file, and solicit acceptances of, a consensual plan of reorganization. *Adelphia* factor (b).

- *The Debtors Have Made Good Faith Progress Towards Filing a Viable Plan*. The Debtors have made substantial progress in negotiations with their creditors. To that end, the Debtors believe that they are nearing a key settlement with the Ad Hoc Group, and, as a result, the Independent Fiduciaries have instructed DLA Piper to suspend the Investigation. Given the parties' earlier differences, these developments illustrate the Debtors' significant, good-faith progress towards filing a consensual and viable plan of reorganization. Adelphia factors (c), (e), and (f).

- *The Debtors are Paying Their Bills*. The Debtors are paying their undisputed postpetition obligations as they come due. *Adelphia* factor (d).

6

- *These Cases are Less Than 8 Months Old*. This is the Debtors' second request for an extension of their Exclusive Periods and these cases are less than 8 months old. *Adelphia* factor (g).

- *The Debtors do not Seek an Extension to Prejudice Creditors*. The Debtors seek an extension of their Exclusive Periods to negotiate and prosecute a consensual plan of reorganization, not to prejudice their creditors. Allowing competing plans, on the other hand, would generate costly and unnecessary litigation to the detriment of creditors.

- *An Unresolved Contingency Exists*. The Independent Fiduciaries instructed DLA Piper to pause the IPO Investigation pending the ongoing settlement discussions. However, in the event the Independent Fiduciaries decide to resume the Investigation, they will require additional time to complete the Investigation and resolve the IPO allegations, which served in large part as the basis for the Debtors' original exclusivity extension. Adelphia factor (i).

14.   Accordingly, the Debtors believe that the customary extension of time requested in the Motion is appropriate given the needs of the Chapter 11 Cases, and is in the best interests of stakeholders. This Court and other courts in this District have routinely granted similar relief. *See, e.g., In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. March 13, 2019); *In re Republic Metals Refining Corp.*, Case No. 18-13359 (SHL) (Bankr. S.D.N.Y. Feb. 27, 2019); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. June 17, 2016).

## NOTICE

15.   Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Granting Debtors' Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Docket No. 30] (the "**Case Management Order**"). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

16.   No previous request for the relief sought herein has been made to this Court or any other court.

7

## CONCLUSION

The Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
December 24, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Jay M. Goffman*
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC**, *et al.*, | **Case No. 19-22911 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**ORDER FURTHER EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A**
**PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") extending the Debtors' exclusive right to file a chapter 11 plan and to solicit votes thereon, without prejudice to the Debtors' right to seek further extensions, all as more fully set forth in the Motion and the Brecker Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, THAT**:

1.    The Motion is GRANTED.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2.      Pursuant to Bankruptcy Code section 1121(d), the Debtors' exclusive period in which to file a chapter 11 plan (the "**Exclusive Filing Period**") is hereby extended through and including January 23, 2020.

3.      Pursuant to Bankruptcy Code section 1121(d), the Debtors' 180-day exclusive period to solicit votes on a chapter 11 plan pursuant to Bankruptcy Code section 1121(c)(3) (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") is hereby extended through and including January 23, 2020.

4.      Counsel to the Debtors will promptly inform counsel to the Ad Hoc Group if the Debtors become aware of any proposal or suggestion made to the Debtors or Silver Point Capital L.P. or any of their affiliates regarding any further equity raise concerning Studio City International, or any purchase or sale of Studio City stock that may be designed to facilitate a "squeeze out" merger under Cayman law.

5.      Nothing herein shall prejudice the Debtors' right to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____ __, 2019
        White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2

1833127-NYCSR03A - MSW