**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **NEW COTAI HOLDINGS, LLC,** *et al.*, | Case No. 19-22911 (RDD) |
| Debtors.[1] | Jointly Administered |
| | Related Dkt. Nos. 282 & 283 |

**ORDER FURTHER EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A**
**PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

Upon the timely motion, dated January 23, 2020 (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") extending the Debtors' exclusive right to file a chapter 11 plan and to solicit votes thereon pursuant to section 1121(d) of the Bankruptcy Code, without prejudice to the Debtors' right to seek further extensions, all as more fully set forth in the Motion and the accompanying Brecker Declaration; and due and sufficient notice of the Motion and the opportunity for a hearing thereon having been given; and there being no objections to the requested relief; and no further notice or a hearing being necessary; and, after due deliberation, the Court having determined that the Motion establishes good and sufficient cause for the requested extension; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; now, therefor; it is hereby

**ORDERED, THAT**:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Code section 1121(d), the Debtors' exclusive period in which to file a chapter 11 plan (the "**Exclusive Filing Period**") is extended through and including February 22, 2020; provided, that if a timely motion to further extend the exclusive periods is filed and the Court is unable to decide such motion by February 22, 2020, such periods shall be extended through and including the Court's determination of such motion, and no bridge order shall be required for such extension through such determination.

3. Pursuant to Bankruptcy Code section 1121(d), the Debtors' 180-day exclusive period to solicit votes on a chapter 11 plan pursuant to Bankruptcy Code section 1121(c)(3) (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") is extended through and including April 22, 2020.

4. Counsel to the Debtors will promptly inform counsel to the Ad Hoc Group if the Debtors become aware of any proposal or suggestion made to the Debtors or Silver Point Capital L.P. or any of their affiliates regarding any further equity raise concerning Studio City International, or any purchase or sale of Studio City stock that may be designed to facilitate a "squeeze out" merger under Cayman law.

5. Nothing herein shall prejudice the Debtors' right to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code or the right of any party in interest to seek to shorten or terminate the Exclusive Periods, for cause.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 11, 2020
White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE