**Presentment Date: March 2, 2020 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 2, 2020 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date (Only if Objection Filed): March 23, 2020 at 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC, *et al.*,** | **Case No. 19-22911 (RDD)** |
| **Debtors.**[1] | **Jointly Administered** |

**NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER**
**FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO**
**FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

1.      On February 21, 2020, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed the *Motion for an Order Further Extending The Debtors' Exclusive Periods To File A Plan Of Reorganization And Solicit Acceptances Thereof* (the "**Motion**") attached as Exhibit 1.

2.      Any objections to the Motion must be made in writing and (a) filed with the Bankruptcy Court no later than **11:00 a.m. (Prevailing Eastern Time) on March 2, 2020** and (b) served in accordance with the *Order Granting Debtors' Motion for Order Authorizing the*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

*Establishment of Certain Notice, Case Management, and Administrative Procedures* [Docket No. 30].

3.      If no objections to the Motion are timely filed and served, the Debtors will present the proposed form of order attached to the Motion as <u>Exhibit A</u> to the Honorable Robert D. Drain, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140 for signature on **March 2, 2020 at 12:00 p.m. (Prevailing Eastern Time)**, and the proposed order may be entered without further notice or opportunity to be heard.

4.      If an objection to the Motion is timely filed and served, a hearing will be held on **March 23, 2020 at 10:00 a.m. (Prevailing Eastern Time).**

5.      Copies of documents filed in the chapter 11 cases are available free of charge by visiting https://cases.primeclerk.com/newcotai or by calling (844) 627-7471 (toll free from the U.S. and Canada); or (347) 292-3990 (international) or by e-mail at newcotaiinfo@primeclerk.com.  You may also obtain copies of any pleadings by visiting the Court's website at https://ecf.nysb.uscourts.gov.  Note that a PACER password is needed to access documents on the Court's website.

**[*Remainder of Page Intentionally Left Blank*]**

Dated: New York, New York
February 21, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

*/s/ Mark A. McDermott*
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors-in-Possession*

## EXHIBIT 1

**Motion**

**Presentment Date: March 2, 2020 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 2, 2020 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date (Only if Objection Filed): March 23, 2020 at 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC, *et al.*,** | **Case No. 19-22911 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**MOTION FOR AN ORDER FURTHER EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF**
**REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

In support of this motion (the "**Motion**"), New Cotai Holdings, LLC and its debtor

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") submit the

Declaration of John Brecker filed substantially contemporaneously herewith (the "**Brecker**

**Declaration**") and respectfully represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

**<u>Relief Requested</u>**

1.     By this Motion, and pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"):

> (a)     extending the Debtors' exclusive period to file a chapter 11 plan of reorganization (the "**Exclusive Filing Period**") through March 23, 2020 and

> (b)     extending the Debtors' exclusive period to solicit acceptances on their plan of reorganization (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**") through May 22, 2020

without prejudice to the Debtors' right to seek further extensions to their Exclusive Periods. This is the Debtors' fourth request for an extension of their Exclusive Periods.

**PRELIMINARY STATEMENT**

2.     The parties continue to negotiate in good faith as they advance towards the finish line—a fully consensual turnaround and emergence from bankruptcy. Since December, when the independent fiduciaries suspended their investigation, the Debtors and the Ad Hoc Group (as defined below) have made significant headway in their settlement discussions. During the latest extension period, the parties neared agreement in principle with respect to the terms of a consensual plan of reorganization, but continue to negotiate the terms of a post-emergence governance structure. Once resolved—hopefully in short order—the Debtors will be positioned to move forward with a consensual deal. It is critical that this Court preserve the Debtors' progress as the parties negotiate the outstanding governance terms. For this reason, the Debtors respectfully request that the Court extend the Debtors' Exclusive Periods for an additional 30 days. Prior to filing this Motion, the Debtors contacted counsel for the Ad Hoc Group, which consented to the relief requested herein.

2

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska,

C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On September 26, 2019, the Court entered an order (the "**Investigation Order**")

[Docket No. 215] authorizing the Debtors to employ and retain (a) William P. Wall as an

independent fiduciary and (b) DLA Piper LLP (US) ("**DLA Piper**") as special counsel to the

Debtors' two independent fiduciaries, John Brecker and William P. Wall (the "**Independent**

**Fiduciaries**"). The Investigation Order confers joint standing upon the Independent Fiduciaries

to, among other things, investigate, prosecute, and/or settle potential claims of the Debtors

related to or arising from the Studio City International IPO and prepetition events relating to the

conduct of the Debtors and their controlling shareholders.

5.      The Independent Fiduciaries, with the assistance of DLA Piper, were originally

anticipated to produce a report by December 24, 2019 setting forth the conclusions of their

Investigation into the Potential Claims (as defined in the Investigation Order). In early

December, DLA Piper informed the Debtors and the ad hoc group of holders of 10.625% Senior

Pay-in-Kind Notes due May 2019 (the "**Ad Hoc Group**") that the report likely would not be

complete until the end of January 2020.

6.      While the Investigation was ongoing, the principals continued to engage in

settlement discussions, and the parties have made significant headway towards a consensual deal.

In light of this progress, on December 12, 2019, the Debtors and the Ad Hoc Group requested

that the Independent Fiduciaries pause the Investigation pending further settlement discussions.

The Independent Fiduciaries believed that pausing the Investigation would be in the best interests of the estates because it would allow the parties to focus on negotiating a consensual deal, which would, among other things, avoid burdensome and unnecessary costs and delays. Therefore, the Independent Fiduciaries decided in their sound business judgment to instruct DLA Piper to suspend the Investigation pending the results of these settlement discussions.

7.    Since that time, DLA Piper has discontinued the Investigation and is awaiting further instruction from the Independent Fiduciaries. The Debtors are hopeful that with the breathing spell provided by this pause in the Investigation the parties will be able to reach agreement on a comprehensive settlement that will provide for the quick and efficient resolution of these bankruptcy cases in a fully consensual manner.

8.    On December 24, 2019, the Debtors, with the consent of the Ad Hoc Group, filed a motion seeking to extend their Exclusive Periods by 30 days [Docket No. 264]. On January 2, 2020, the Court entered an order extending the Debtors' Exclusive Filing Period through January 23, 2020 and extending the Debtors' Exclusive Solicitation Period through March 23, 2020 [Docket No. 271].

9.    On January 23, 2020, the Debtors filed another motion, with the consent of the Ad Hoc Group, seeking an additional 30-day extension of their Exclusive Periods [Docket No. 282]. On February 11, 2020, the Court extended the Debtors' Exclusive Filing Period through February 22, 2020 and the Debtors' Exclusive Solicitation Period through April 22, 2020 [Docket No. 298].

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I.    The Court Can Extend the Exclusive Periods for Cause Shown.

10.    A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to Bankruptcy Code section 1121(b). Under Bankruptcy Code

4

section 1121(d), the Court may extend the Exclusive Periods for cause.[2] Courts within the

Second Circuit and in other jurisdictions have held that the decision to extend the Exclusive

Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of

circumstances in each case. *See, e.g., In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060-RDD,

2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013). In general, as long as debtors give

the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested

extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730

(Bankr. S.D.N.Y. 2003).

11.    In particular, courts in this district and elsewhere have identified a number of non-

exhaustive factors relevant to whether cause exists under Bankruptcy Code section 1121(d). *See

In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Borders

Grp., Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011). These factors include the following:

(a)    the size and complexity of the case;

(b)    the necessity for sufficient time to permit the debtor to negotiate a plan of
reorganization and prepare adequate information;

(c)    the existence of good-faith progress toward reorganization;

(d)    the fact that the debtor is paying its bills as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable
plan;

(f)    whether the debtor has made progress in negotiations with its creditors;

(g)    the amount of time which has elapsed in the case;

---

[2]    Specifically, Bankruptcy Code section 1121(d)(1) provides: "on request of a party in interest made within the
respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court
may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. §
1121(d)(1).

(h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i)    whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). "[N]ot all of [these factors] are relevant in every case," and "[i]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." In re Hoffinger Indus., Inc., 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

12.    In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension"); *In re Pub. Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent [is] to promote maximum flexibility"); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today"), reprinted in 1978 U.S.C.C.A.N. 6963, 6191.

## II.    Cause Exists to Extend the Exclusive Periods.

13.    As set forth below, the Debtors satisfy the *Adelphia* factors in these cases. Therefore, the Court should approve the Debtors' requested extension of their Exclusive Periods.

- *These Cases are Large and Complex*. These are highly contested, litigious "mega cases," which involve, among other things, over $856 million in prepetition debt, multijurisdictional corporate issues, and the IPO Investigation. *Adelphia* factor (a).

- *Additional Time is Necessary to Negotiate a Plan*. The parties remain engaged in productive negotiations and have made substantial progress towards achieving a consensual resolution. During the latest exclusivity extension, the parties neared agreement in principle with respect to the terms of a consensual plan of reorganization, but continue to negotiate the terms of a post-emergence governance structure, a critical component of a comprehensive settlement. This will require additional time and, for this reason, the Debtors seek an extension of their Exclusive Periods. *Adelphia* factor (b).

- *The Debtors Have Made Good Faith Progress Towards Filing a Viable Plan*. Since the beginning of these cases, the Debtors have attempted in good faith to reach a consensual deal with the Ad Hoc Group. While the parties' positions were previously far apart, the Debtors have made substantial progress and are nearing agreement with respect to a comprehensive settlement to resolve these cases. This progress towards filing a viable, consensual plan of reorganization is clearly reflected in the Independent Fiduciaries instructions to suspend the Investigation and the Ad Hoc Group's consent to the Debtors' two previous exclusivity extension requests as the parties continued to negotiate. *Adelphia* factors (c), (e), and (f).

- *The Debtors are Paying Their Bills*. The Debtors are paying their undisputed postpetition obligations as they come due. *Adelphia* factor (d).

- *These Cases are Less Than 10 Months Old*. These cases are less than ten months old and involve the Court-approved Investigation, which delayed a plan filing in order to allow the parties to resolve the core issue in these cases before prosecuting a plan of reorganization. *Adelphia* factor (g).

- *The Debtors do not Seek an Extension to Prejudice Creditors*. The Debtors seek more time to reach a deal to move forward with a consensual plan of reorganization for the benefit, not detriment, of parties in interest. Indeed, an extension is necessary to preserve the Debtors' progress and prevent prejudice to parties, which would result from a litigious, competing plan process.

- *An Unresolved Contingency Exists*. The Independent Fiduciaries instructed DLA Piper to pause the IPO Investigation pending the ongoing settlement discussions. However, in the event the Independent Fiduciaries decide to resume the Investigation, they will require additional time to complete the Investigation and resolve the IPO allegations, which served in large part as the basis for the Debtors' original exclusivity extension. *Adelphia* factor (i).

14.     Accordingly, the Debtors believe that the modest extension of time requested in the Motion is appropriate given the needs of the Chapter 11 Cases, and is in the best interests of stakeholders. This Court and other courts in this District have routinely granted similar relief. *See, e.g., In re Miami Metals I, Inc.*, Case No. 18-13359 (SHL) (Bankr. S.D.N.Y. Aug. 6, 2019)

(approving a third exclusivity extension request); *In re Sears Holding Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. June 25, 2019) (same).

## NOTICE

15.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Granting Debtors' Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Docket No. 30] (the "**Case Management Order**"). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

16.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

The Debtors respectfully request entry of an order granting the relief requested herein and

such other and further relief as may be just and proper.

Dated: New York, New York
February 21, 2020

> SKADDEN, ARPS, SLATE, MEAGHER & FLOM
> LLP
>
> */s/ Mark A. McDermott*
> Jay M. Goffman
> Mark A. McDermott
> Evan A. Hill
> Four Times Square
> New York, New York 10036-6522
> Telephone: (212) 735-3000
> Fax: (212) 735-2000
>
> *Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC, *et al.*,** | **Case No. 19-22911 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

### ORDER FURTHER EXTENDING
### THE DEBTORS' EXCLUSIVE PERIODS TO FILE A
### PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

Upon the timely motion dated February 21, 2020 (the "**Motion**")[2] of the above-captioned

debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this

"**Order**") extending the Debtors' exclusive right to file a chapter 11 plan and to solicit votes

thereon pursuant to section 1121(d) of the Bankruptcy Code, without prejudice to the Debtors'

right to seek further extensions, all as more fully set forth in the Motion and the accompanying

Brecker Declaration; and due and sufficient notice of the Motion and the opportunity for a

hearing thereon having been given; and there being no objections to the requested relief; and no

further notice or a hearing being necessary; and, after due deliberation, the Court having

determined that the Motion establishes good and sufficient cause for the requested extension; and

it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; now, therefor; it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, THAT**:

1.      The Motion is GRANTED.

2.      Pursuant to Bankruptcy Code section 1121(d), the Debtors' exclusive period in which to file a chapter 11 plan (the "**Exclusive Filing Period**") is hereby extended through and including March 23, 2020; provided, that if a timely motion to further extend the exclusive periods is filed and the Court is unable to decide such motion by March 23, 2020, such periods shall be extended through and including the Court's determination of such motion, and no bridge order shall be required for such extension through such determination.

3.      Pursuant to Bankruptcy Code section 1121(d), the Debtors' 180-day exclusive period to solicit votes on a chapter 11 plan pursuant to Bankruptcy Code section 1121(c)(3) (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") is hereby extended through and including May 22, 2020.

4.      Counsel to the Debtors will promptly inform counsel to the Ad Hoc Group if the Debtors become aware of any proposal or suggestion made to the Debtors or Silver Point Capital L.P. or any of their affiliates regarding any further equity raise concerning Studio City International, or any purchase or sale of Studio City stock that may be designed to facilitate a "squeeze out" merger under Cayman law.

5.      Nothing herein shall prejudice the Debtors' right to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code or the right of any party in interest to seek to shorten or terminate the Exclusive Periods, for cause.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____ __, 2020
      White Plains, New York    _____
                                     HONORABLE ROBERT D. DRAIN
                                     UNITED STATES BANKRUPTCY JUDGE